IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eartha M. Pearce, ) | Civil Action No. 8:04-23337-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Eartha M. Pearce, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F.Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not

follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## Administrative Proceedings

In this case, the plaintiff applied for the aforementioned benefits on February 17, 1999, alleging disability as of July 10, 1998. The plaintiff's claim was denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on May 19, 2000. The ALJ thereafter denied plaintiff's claim in a decision issued on July 19, 2000. On February 8, 2002, the Appeals Council remanded the case to the ALJ for further consideration.

In the meantime, the plaintiff filed a second application for DIB benefits on June 20, 2001. That application was denied initially and on reconsideration, and the plaintiff filed a timely request for a hearing on March 11, 2002. A supplemental hearing was held on both applications on January 6, 2003, at which the plaintiff, her attorney, and a vocational expert appeared. On February 21, 2003, the ALJ determined that the plaintiff was not under a disability. This determination became the final decision of the Commissioner when it was adopted by the Appeals Council on October 25, 2004. The plaintiff then filed this action in the United States District Court for judicial review.

The ALJ made the following findings in this case:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).

7. The claimant has the residual functional capacity to perform a range of light work, restricted to preclude work that would not allow performance while standing or seated.

8. The claimant's current impairments do not prevent her from performing her past relevant work as a file clerk, as she performed that job (20 CFR § 404.1565).

9. The claimant is a "younger individual" (20 CFR § 404.1563).

10. The claimant has a "high school education" (20 CFR § 404.1564).

11. The claimant has no transferable skills from any past relevant work (20 CFR § 404.1568).

12. Even if she could not perform her past relevant work, the claimant has the residual functional capacity to perform at least a significant range of sedentary work (20 CFR § 404.1567).

13. Although the claimant's exertional limitations do not allow her to perform the full range of sedentary work. using Medical-Vocational Rule 201.27 as a framework for decisionmaking, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as an assembler (1,600 jobs in South Carolina and 106,000 in the United States); quality control inspector (500 jobs in the state and 14,000 in the nation): and hand packer (100 jobs in the state and 6,500 in the national economy).

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

## **Facts**

A review of the record indicates that the plaintiff was thirty-eight (38) years old when she alleges she became disabled due to lower back pain, and forty-two (42) years old as of the date of the

Commissioner's final decision. Plaintiff has a twelfth-grade education and has worked as an assembly-line worker and file clerk.

## Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., this action was referred to United States Magistrate Judge Bruce H. Hendricks. On February 15, 2006, Magistrate Judge Hendricks filed a Report and Recommendation ("Report") which recommends to this court that the decision of the Commissioner be affirmed as the ALJ's findings are supported by substantial evidence. The plaintiff filed objections to the Report.

In conducting its review of the Magistrate Judge's Report, this court applies the following standard:

> The Magistrate Judge makes only a recommendation to the court, to which any party may file written objections . . . . The court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. The court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the court's review of the report thus depends on whether or not objections have been filed, in either case, the court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

As noted above, the plaintiff filed objections to the Report and Recommendation. However, it is the opinion of this court that the plaintiff's objections are merely a restatement of the arguments made in the plaintiff's initial brief. Yet, the court will discuss the objections, and they are as follows:

**Plaintiff's Credibility**

The plaintiff first objects to the Magistrate Judge's conclusion in the Report concerning the issue of the plaintiff's credibility. The plaintiff argues that the ALJ did not consider all of the evidence in the record. Plaintiff notes that the standard for evaluating credibility symptoms is found in SSR 96-7p in which the adjudicator must consider the entire record, including the plaintiff's individual statements, objective medical evidence, symptoms, and statements of other treating or examining physicians.

In the Report, the Magistrate Judge discusses the same standard found in SSR 96-7p, which is to be used for evaluating pain in disability determinations. Specifically, the Magistrate Judge states:

> Federal regulations, 20 C.F.R. §§ 416.929(a) and 404.1529(a), provide the authoritative standard for the evaluation of pain in disability determinations. See Craig v. Chater, 76 F.3d 585, 593 (4th Cir. 1996). Under these regulations, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Id. at 594. First, "there must be objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the pain or other symptoms alleged." Id. at 591 (quotation and emphasis omitted). This threshold test "does not . . . entail a determination of the 'intensity, persistence, or functionally limiting effect' of the claimant's asserted pain." Id. at 594. Second, and only after the threshold inquiry has been satisfied, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." Id. at 595. When the ALJ fails to "expressly consider the threshold question" and instead proceeds "directly to considering the credibility of [the] subjective allegations of pain," remand is warranted. Id. at 596.

Report and Recommendation, Entry # 16, p. 13-14.

This court finds, as did the Magistrate Judge, that the ALJ properly followed this analysis and in its proper order. In the plaintiff's objections to the Magistrate Judge's Report and Recommendation, as well as the plaintiff's initial brief, the plaintiff argues that the ALJ failed to properly credit or consider various opinions of Drs. Marion, Brilliant, Dayrit, and Murali. However, this court concurs

with the Magistrate Judge's conclusion that the plaintiff's contention is simply not true. This court also agrees with the Magistrate Judge that the ALJ considered all the medical evidence in her evaluation of plaintiff's credibility and gave reasons for weight given to each opinion, either expressly or implicitly. While the plaintiff argues there is no substantial evidence to support the ALJ's findings on the record concerning the issue of credibility, this court disagrees, and agrees with the Magistrate Judge's summation that while reasonable minds may disagree as to the plaintiff's credibility in light of the record, it cannot be said that there was not substantial evidence to support the ALJ's credibility determination.

**Judicial Bias**

The plaintiff next objects to the Magistrate Judge's conclusion concerning the issue of judicial bias. As the Magistrate Judge points out in the Report, administrative adjudicators, such as ALJs, are presumed to be unbiased. See Schweiker v. McClure, 456 U.S. 188, 195-196 (1982). A plaintiff can only rebut that presumption by showing that the ALJ had a conflict of interest or by showing some other specific reason for disqualification. Id. Furthermore, the plaintiff must show that the ALJ engaged in conduct that was so *extreme* it deprived the hearing of fundamental fairness mandated by due process. See Liteky v. United States, 510 U.S. 540, 555-556 (1994). Plaintiff argues in her objections that the record in this case shows that the ALJ's conduct was extreme during the whole hearing. Plaintiff argues that not only did the ALJ's comments demonstrate bias, they also show that the line of questioning used by the ALJ was used to intimidate the plaintiff's attorney at the hearing as well.

After a review of the record, this court concurs with the Magistrate Judge's conclusion that the plaintiff has made an unsatisfactory showing in this case that the ALJ's conduct was so *extreme* that it deprived the hearing of fundamental fairness mandated by due process. This court agrees with the

Magistrate Judge that the portions of the record cited by the plaintiff are simply not indicative of bias.

### State Agency Medical Consultants

Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ did not improperly give weight to the opinion of the State agency medical consultants. Plaintiff argues that the ALJ considered the opinions of the State agency's physicians because she stated that these opinions must be considered. The plaintiff also states that the findings of the State agency's consultants were totally inconsistent with those of the plaintiff's treating physicians and should not have been given any weight at all in the ALJ's decisions.

The court finds that the plaintiff's statement that the findings of the State agency's consultants were totally inconsistent with those of the plaintiff's treating physicians is without merit. As the Magistrate Judge notes in the Report, the State agency medical consultants' opinions were not the only evidence the ALJ relied upon in denying the plaintiff's claim. The ALJ discussed the opinions of the plaintiff's treating physicians, and it is the opinion of this court that the State agency medical consultants' opinions were not *totally* inconsistent with those of the plaintiff's treating physician.

### Hypothetical Questions

The plaintiff next objects to the hypothetical questions the ALJ posed to the vocational expert ("VE"). The court finds that what the plaintiff is essentially objecting to is that the ALJ did not ask the VE about some restrictions that certain physicians had placed on the plaintiff. However, the court finds that the Magistrate Judge adequately discussed this argument in the Report, which is reflected as follows:

> It is true that "[i]n order for a vocational expert's opinion to be relevant or helpful . . . it must be in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989). But "while

7

> questions posed to the vocational expert must fairly set out all of the claimant's impairments, the question need only reflect those impairments supported by the record." See Russell v. Barnhart, 58 Fed. Appx. 25, 30 (4th Cir. 2003); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir.1987). To that end, the ALJ "has discretion in framing hypothetical questions as long as they are supported by substantial evidence in the record." Toney v. Shalala, 1994 WL 463427, *1 (4th Cir. Aug. 29, 1994); Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir.1986); Bradford v. Secretary of Dep't of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986); Dumas v. Schweiker, 712 F.2d 1545, 1553-54 (2d Cir.1983). The ALJ, therefore, was not required to accept Plaintiff's subjective complaints and/or opinions favorable to her claim as controlling. As discussed above, the ALJ thoroughly detailed the reasons for discounting the physician opinions that were favorable to the plaintiff. (See Tr. 22-25.) Those reasons were supported by substantial evidence in the record. Id.

Report and Recommendation, Entry # 16, p. 16-17.

The plaintiff also argues in the objections that the ALJ did not properly consider the cross examination of the VE by the plaintiff's attorney. However, after review of the record, this court concurs with the Magistrate Judge that the ALJ properly considered this cross examination testimony (Tr. 27).

**Pain Medication and Drowsiness**

Finally, the plaintiff objects to the Magistrate Judge's conclusion regarding the issue of medication and drowsiness. The plaintiff argues that a diagnosis of sleep apnea and drowsiness while taking Vioxx is an important factor in this case. The plaintiff contends that the ALJ gave very little weight or no weight of the fact that the plaintiff had problems with sleep apnea which caused her drowsiness during the day for which she has to take naps. The plaintiff states that this issue alone warrants a reversal or remand.

This court concurs with the Magistrate Judge's conclusion that the ALJ could have discussed this issue in more detail. However, as the Magistrate Judge observes, the ALJ mentions the plaintiff's Vioxx usage, sleep apnea, and related drowsiness such that there is no question that the ALJ considered

those issues (Tr. 21-22).  Likewise, this court agrees with the Magistrate Judge that the ALJ had substantial evidence, otherwise, to reach the conclusion that was made.  Therefore, this court disagrees with the plaintiff's argument that this matter warrants remand or reversal.

## Conclusion

On the record before it, this court must overrule all of the plaintiff's objections.  After carefully reviewing the record in this matter, the applicable law, and the position of the parties, the court affirms the Commissioner's decision, finding that it is supported by substantial evidence.

For the foregoing reasons, all objections are overruled, the Report and Recommendation of the Magistrate Judge is incorporated herein, and the decision of the Commissioner is hereby **AFFIRMED**.

**IT IS SO ORDERED**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

March 29, 2006
Florence, South Carolina